**The BORDEN COMPANY, a New Jersey Corporation, Appellant,**

v.

**Orville L. FREEMAN, Secretary of Agriculture, United States of America, S. R. Smith, Administrator, Agricultural Marketing Services, Department of Agriculture, United States of America, and G. R. Grange, Deputy Administrator, Agricultural Marketing Services, Department of Agriculture, United States of America, Defendant,**

and

**Campbell Soup Company, a New Jersey Corporation, Intervenor in D.C.**

**No. 16166.**

United States Court of Appeals
Third Circuit.

Argued Dec. 19, 1966.

Decided Dec. 29, 1966.

Appeal from the United States District Court for the District of New Jersey; Arthur S. Lane, Judge.

Earl E. Pollock, Chicago, Ill. (Pitney, Hardin & Kipp, Newark, N. J., Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., William P. Reiss, Newark, N. J., Jeffrey A. Fillman, Otis H. Halleen, Chicago, Ill., on the brief), for appellant.

Alan S. Rosenthal, Appellate Section, Civil Division, Dept. of Justice, Washington, D. C., (Barefoot Sanders, Asst. Atty. Gen., David M. Satz, Jr., U. S. Atty., Nancy A. Wynstra, Attorneys, Department of Justice, Washington, D. C., on the brief), for appellees, Freeman, Smith and Grange.

Edward J. Grenier, Jr., Washington, D. C. (Grover C. Richman, Jr., Richman, Berry & Ferren, Camden, N. J., Covington & Burling, Washington, D. C., H. Edward Dunkelberger, Jr., Washington, D. C., on the brief), for appellee-intervenor.

Before KALODNER, HASTIE and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In the instant case the Borden Company sought declaratory and injunctive relief against the enforcement of certain regulations promulgated by the Department of Agriculture, under the authority of the Poultry Products Inspection Act, 21 U.S.C.A. § 451 et seq., with relation to the labeling of its products, dehydrated chicken noodle soup mix and dehydrated chicken rice soup mix.

The District Court rejected the Borden Company's contention that the Regulations were not supported by substantial evidence and were arbitrary. It further held that the defendant Secretary of Agriculture had authority to promulgate the Regulations. The Borden Company appealed from the District Court's entry of summary judgment in the Secretary's favor.

On review of the record we find no error. The Order and Judgment of the District Court entered July 13, 1966 will be affirmed on the well-reasoned opinion of Judge Lane. 256 F.Supp. 592 (1966).