### STATE OF LOUISIANA et al.

v.

### David MATHEWS, Secretary of Health, Education & Welfare, et al.

### Civ. A. No. 75–1941.

United States District Court, E. D. Louisiana.

Feb. 4, 1977.

Stephen Caire, Metairie, La., for State of La., et. al.

John R. Schupp, Asst. U. S. Atty., New Orleans, La., for defendants.

**CHARLES SCHWARTZ, District Judge.**

This matter came on for hearing on a former day on motion of the defendants to dismiss the complaint for failure to state a claim upon which relief can be granted or for summary judgment, at which time the Court took the matter under advisement. After due consideration of the argument and memoranda of counsel, the record, and the law, the Court finds as follows:

This is an action for review of the final regulation of the Food and Drug Administration [42 CFR § 1240.62] banning the sale and distribution of small turtles pursuant to authority conferred by Section 361 of the

Public Health Service Act, 42 U.S.C. § 264. Plaintiffs, the State of Louisiana, for and on behalf of the National Turtle Farmers and Shippers Association, Inc., the president of the association and two turtle farmers, seek a declaratory judgment and injunctive relief with respect to the regulation.

Plaintiffs contend that the regulation in question exceeds the authority granted to defendants by Section 361 of the Public Health Service Act; that it was arbitrary and capricious; that it was issued in violation of the provisions of the Administrative Procedures Act; and that it denies plaintiffs equal protection of the laws. Each of these contentions will be discussed in turn.

■ Judicial review of this action ·is made pursuant to Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Under that statute, the scope of judicial review is limited to whether the defendants have acted arbitrarily, capriciously, in abuse of their discretion or otherwise unlawfully. In applying this standard, it is the function of the Court to look only at the administrative record upon which the defendants made their decision. *Camp v. Pitts*, 411 U.S. 138, 141, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). As stated by the Court in *Bradley v. Weinberger*, 483 F.2d 410, 415 (1st Cir. 1973): ". . . it is a re-view, a second look at the same material, not a re-doing." Moreover, it is clear that the questioned regulation "is ripe for summary disposition, for whether the order is supported by sufficient evidence . . . or is otherwise legally assailable, involve matters of law." *Bank of Commerce of Laredo v. City National Bank of Laredo*, 484 F.2d 284, 289 (5th Cir. 1973).

**I.**

Plaintiffs have contended that the ban on the commercial sale of small turtles exceeds the defendants' authority under 42 U.S.C. § 264. Particularly plaintiffs argue that only those individual lots of small turtles infected with *Salmonella* and *Arizona* organisms and which have been shown to be

health hazards may be banned; that the questioned regulation exceeds the authority granted because it authorizes the apprehension and detention, by penal sanctions, of individuals; and that defendants are authorized to prohibit only the interstate shipment of turtles which may spread communicable disease.

■ Congress has granted broad, flexible powers to federal health authorities who must use their judgment in attempting to protect the public against the spread of communicable disease. Studies show that a large percentage of turtles certified as organism-free are eventually recontaminated. One survey showed a 54% recontamination rate; other figures suggest incidence of recontamination which is higher. 40 Fed. Reg. at 22543. Under these circumstances, it is clear that the law does not require the adoption of an onerous testing scheme under which every turtle, or lot of turtles, is to be tested every week so as to find that percent which becomes reinfected. Such a testing alternative is patently unreasonable, and a total ban is permissible as necessary to prevent the spread of communicable disease.

■ Plaintiff's contention that the provisions of the questioned regulation violate 42 U.S.C. § 264(b) because it authorizes the apprehension and detention of individuals is incorrect. The regulation does not authorize the apprehension and detention of individuals; neither does it set criminal penalties for those who violate the provisions of the regulation. Section 368(a) of the Public Health Service Act, 42 U.S.C. § 271(a), makes any violation of a regulation issued under 42 U.S.C. § 264 a crime. The regulation's provisions discussing penal sanctions are not substantive, but ~re designed only to give those affected by the regulation notice that sanctions may be imposed in the case of violation.

■ Plaintiffs also contend that defendants exceeded their authority under 42 U.S.C. § 264 by restricting commercial activity with respect to small turtles and turtle eggs. It has long been established that businesses which affect interstate commerce may have their intrastate activities regulated. *Willis v. Pickrick Restaurant*, 231 F.Supp. 396 (N.D.Ga.1964). Reference to subsection (d) of 42 U.S.C. § 264 confirms the defendants' authority to regulate intrastate activity. The ban on intrastate commerce in small turtles was based on the following rationale [40 Fed.Reg. at 22545]:

> "The Commissioner concludes that the interstate spread of disease through *Salmonella* and *Arizona* contaminated turtles cannot be fully controlled without extending the ban to intrastate sales."

*       *       *       *       *       *

> "Contaminated turtles may be purchased in one State for use as a pet in another. In addition, the existence of lawful business operations selling turtles in one State creates the possibility of unlawful interstate sales that are difficult or impossible to detect and stop."

Thus, the intrastate ban is not only authorized by the law, but, under modern conditions of transportation and commerce is clearly reasonable to prevent the interstate spread of disease.

## II.

Plaintiffs contend that the questioned regulation is arbitrary, capricious, and lacking a rational basis because, in their view, there is evidence in the administrative record that organism-free turtles can be produced. Plaintiffs also contend that a new certification scheme would prevent contaminated turtles from reaching the public. To support this contention, plaintiffs point to studies made by Dr. R. J. Siebeling, Associate Professor of Microbiology at Louisiana State University. Dr. Siebeling himself admits in the final two paragraphs of his paper, "Evaluation of Methods for the Isolation of *Salmonella* and *Arizona* organisms from Pet Turtles Treated with Antimicrobial Agents," that treated turtles may still be carrying organisms, that the treatment could result in the production of antibiotic resistant organisms, a serious health hazard in itself, and that laboratory findings may have no commercial applica-

tion. It should also be noted that the paper does not purport to address the problem of recontamination after certification. Considering the administrative record as a whole, defendants properly found that this research was not adequate to permit a finding that certification would prevent the interstate transmission of disease.

The Court appreciates the progressive nature of science, and realizes that Dr. Siebeling's research has resulted in considerable advancement in this field. The Federal Register order promulgating the regulation recognizes that Dr. Siebeling's work may one day result in a method by which disease-free turtles can be marketed, and evidences a willingness to reconsider the ban on turtles at that time. 40 Fed. Reg. at 22545. However, until such time as that evidence is developed, the defendants' finding that there is a lack of evidence which "demonstrates that an improved certification scheme would result in a *Salmonella* and *Arizona* free turtle that will remain free of these organisms in commerce is not arbitrary and capricious.

### III.

Plaintiffs attack the regulation on the ground that defendants prejudged the issues involved and failed to properly consider and comment upon material submitted by plaintiffs. Section 4 of the Administrative Procedure Act specifically provides that in rulemaking proceedings of this type, an opportunity for the submission of written comments is sufficient and no opportunity for oral presentation is required. 5 U.S.C. § 553(c); *Federal Power Commission v. Texaco*, 377 U.S. 33, 36, 84 S.Ct. 1105, 12 L.Ed.2d 112 (1964); *Borden Co. v. Freeman*, 256 F.Supp. 592, 601 (D.N.J.1966), aff'd. 369 F.2d 404 (3rd Cir. 1966), cert. den. 386 U.S. 992, 87 S.Ct. 1307, 18 L.Ed.2d 337 (1967). Here plaintiffs availed themselves of the opportunity to participate and their written comments were given ample consideration. No more is required under the Act. The record does not reflect that defendants had already decided to ban turtles at the time they published their proposal for comment.

See 39 Fed.Reg. at 18464. The defendants' response to the comments received shows that the questioned regulation was not promulgated in an arbitrary or capricious manner. See 40 Fed.Reg. at 22544; *Consumers Union of United States, Inc. v. Consumer Product Safety Commission*, 491 F.2d 810 (2nd Cir. 1974).

### IV.

Plaintiffs contend that the regulation banning turtles is discriminatory because other regulations ban only certain lather brushes (42 C.F.R. 72.21) and Psittacine birds (42 C.F.R. 72.22) which have been found to be disease carriers. This argument fails to take into account the particular facts and circumstances underlying the ban on turtles. The regulations applicable to lather brushes and Psittacine birds and similar regulations are based upon a judgment that a total ban is not necessary to insure that the articles sold are free of disease. As the administrative record reflects, such a judgment is not possible in this case at this time.

Considering the foregoing, the motion of defendants to dismiss and in the alternative for summary judgment is hereby granted, and plaintiffs' suit is hereby dismissed, with prejudice each party to bear its own costs. The Clerk of Court is directed to enter judgment in accordance with the above.