Dear Representative Powell:
We are in receipt of your request for an Opinion of the Attorney General asking whether the state or the federal government has the authority to regulate the sale of small turtles. Your constituent's query is based on an article from the Food and Drug Administration website which states that the "FDA has legal jurisdiction over products shipped in interstate commerce. A product that is manufactured, shipped and marketed within a state is not, in most cases, subject to FDA regulation." See http://www.fda.gov/fdac/reprints/getinfo.html. This cited passage notes that there are certain instances where a product shipped, manufactured, and marketed within a state may be regulated by the state. Our office is of the opinion that the FDA has the authority to regulate the sale of small turtles to prevent the interstate and intrastate spread of disease.
21 CFR § 1240.62(b) entitled "Turtles intrastate and interstate requirements" provides in pertinent part that, "[e]xcept as otherwise provided in this section, viable turtle eggs and live turtles with a carapace length of less than 4 inches shall not be sold, held for sale, or offered for any other type of commercial or public distribution." Section (d) of this provision excludes the following:
 The sale, holding for sale, and distribution of live turtles and viable turtle eggs for bona fide scientific, educational, or exhibitional purposes, other than the use as pets.
 The sale, holding for sale, and distribution of live turtle eggs not in connection with a business.
 The sale, holding for sale, and distribution of live turtles and viable turtle eggs intended for export only, provided that the outside of the shipping package is conspicuously labeled "Export Only."
 Marine turtles excluded from this regulation under the provisions of paragraph (a) of this section and eggs of such turtles. 21 CFR § 1240.62(d)
Congress has granted federal regulatory agencies broad authority in promulgating rules and regulations which serve to protect the public's health and safety from communicable disease.[1] In State of Louisianav. Mathews the court held that businesses that engage in interstate commerce may have their intrastate activities regulated as well.[2] The ban on intrastate commerce of turtles is based on the following rationale:[3]
 that the interstate spread of disease through Salmonella and Arizona contaminated turtles cannot be fully controlled without extending the ban to intrastate sales. Contaminated turtles may be purchased in one State for use as a pet in another. In addition, the existence of lawful business operations selling turtles in one State creates the possibility of unlawful interstate sales that are difficult or impossible to stop.
Louisiana has adopted laws and regulations that govern the interstate and intrastate regulation, inspection, and control of pet turtles.[4]
Although Louisiana law does not specifically prohibit the sale of pet turtles, the federal law prohibition would preempt any state laws that would allow intrastate sale of pet turtles. This preemption may be either express or implied when the federal government intends to occupy an entire field or when there is a conflict between federal and state laws.[5] Our office is not of the opinion that state regulation of small turtles is expressly or impliedly preempted by federal law. However, we do believe that, should there be a conflict between federal and state law, federal law would prevail.
We are of the opinion that the state regulations of small turtles serves to supplement the federal regulations and provide more specific guidelines for the narrow exceptions in the federal rules that govern the sale of small turtles. This rationale is further evidenced in LSA R.S.3:2358.7(B) which provides that licensed turtle farmers shall maintain records in accordance with the Food and Drug Administration Act.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ________________________________ ISABEL WINGERTER ASSISTANT ATTORNEY GENERAL
IW:spa
[1] State of Louisiana v. Mathews, 427 F.Supp. 174, 176 (E.D.La. 1973).
[2] Id. at 176, citing Willis v. Pickrick Restaurant, 231 FSupp.396 (N.D.Ga. 1964)
[3] Id at 176 citing 40 Fed.Reg. at 22545
[4] LSA R.S. 3:2358.1 et seq.
[5] Hyundai Motor Co. v. Alvarado, 974 S.W.2d 1 (Texas 1998).